IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Schafer, et al.,                            Case No. 3:06CV7084

         Plaintiff

v.                                          ORDER

City of Defiance Police Department, et al.,

         Defendant

This is a civil rights case in which the plaintiffs sued several defendants. Their complaint was dismissed. The Sixth Circuit affirmed.

The plaintiff Mark Schafer has filed a *pro se* motion for relief from judgment. [Doc. 48]. That motion must be denied.

Plaintiff claims, *inter alia*, not to have been informed of developments in his case. Otherwise, he presents nothing of pertinence that was not presented to the court during the course of earlier proceedings.

Under Fed. R. Civ. P. 60(b):

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiff has failed to show any grounds for relief. Though he alleges fraud, he does so in entirely conclusory terms. This is not sufficient. *See, e.g.,*

Wilson v. Upjohn Co. 808 F.Supp. 1321, 1324 (S.D.Ohio,1992) (unsubstantiated conclusory allegations of fraud, misrepresentation, and other misconduct not basis for relief from judgment). Plaintiff's motion must, and shall be denied for lack of merit.

It appears that plaintiff's basic quarrel is with how he was represented by his former attorney. Such quarrel cannot be resolved within the ambit of a Rule 60(b) motion for relief from judgment.

It is, therefore

ORDERED THAT plaintiff's motion for relief from judgment [Doc. 48] be, and the same hereby is denied.

An appeal from this order could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge